1 PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
2 JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
3 200 Lakeside Dr., Suite A
Oakland, CA 94612
4 (510) 832-5001

5 Attorneys for Plaintiff
ANDI MILLARD

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDI MILLARD,<br>　　　　Plaintiff,<br>　v.<br>LA BAER INN, et. al.,<br>　　　　Defendant. | Case No.: CIV-S03-1467 WBS/GGH<br><br>Civil Rights<br><br>RELATED CASE NOS.<br>CIV-S03-1468 WBS/GGH<br>CIV-S03-1480 WBS/GGH<br>CIV-S03-1481 WBS/GGH<br>CIV-S03-1482 WBS/GGH |
| ANDI MILLARD,<br>　　　　Plaintiff,<br>　v.<br>CARRIAGE HOUSE INN, et. al.,<br>　　　　Defendant. | **DECLARATION OF JOHN M. POSWALL IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY FEES** |
| ANDI MILLARD,<br>　　　　Plaintiff,<br>　v.<br>DRIFTWOOD LODGE, et. al.,<br>　　　　Defendant. | Hearing<br><br>Date:<br>Time:<br>Hon. William B. Shubb |
| ANDI MILLARD,<br>　　　　Plaintiff,<br>　v.<br>THUNDERBIRD MOTEL, et. al.,<br>　　　　Defendant. | |
| ANDI MILLARD,<br>　　　　Plaintiff,<br>　v.<br>TRAVEL INN, et. al.,<br>　　　　Defendant. | |

27 / / /

28 / / /

I, JOHN M. POSWALL, declare:

1.    That I am an attorney licensed to practice in California, the Eastern District of California, the Ninth Circuit Court of Appeals, and the United States Supreme Court.  My office is located in Sacramento, California, within the Eastern District.

2.    That I am a partner in the Law Firm of POSWALL, WHITE & CUTLER and have practiced in Sacramento for over 30 years.   I have practiced exclusively on behalf of the plaintiff in personal injury cases in the State and Federal Court including, from time to time, civil rights cases.

3.    That I am a graduate of Boalt Hall, University of California, Berkeley School of Law, graduating in the class of 1969 and began practicing in January of 1970 at the Law Firm of Friedman & Collard; thereafter, with the Law Firm of Karlton, Blease, Vanderlaan & Poswall; then again with Friedman, Collard & Poswall for 17 years before opening up my current practice with my partner, R. Parker White, in 1992 to the present.

4.    That I am a member of the American Board of Trial Advocates, the American College of Trial Lawyers, listed in Super Lawyers of Northern California, and Best Lawyers in America.  I also received the "Humanitarian of the Year" Award from the Sacramento County Bar in 1995.

5.    I have reviewed the declaration of Paul L. Rein.  I am generally familiar with the nature of the litigation involved under the Americans with Disabilities Act of 1990.

6.    While my practice is almost exclusively contingent fee practice, and rarely dependant upon an award of attorney's fees by a court, as the exclusive compensation, I have from time to time charged an hourly fee for my services.  That fee has generally been $400 to $425 an hour.   I have also filed one or more declarations in support of similar fees before this court (the last time on behalf of attorney Russell Porter of this community) and I have also acted as fee counsel in Class Action litigation in the State Court, together with Richard Pearl, the author of the major text on attorney's fees in California, mentioned in the declaration of Mr. Rein, <u>California Attorney Fee Awards</u>, Second Edition.   I feel comfortable and confident that an award of $400 per hour for a person of Mr. Rein's experience and specialization is reasonable

1  in this community and would myself request at least that amount should I have handled the case.

2        7.      Further, however, I know that I and virtually all of the plaintiff lawyers I know in this community, do not have the special expertise to handle a case under the Americans with Disabilities Act of the nature involved herein. I am not aware of any attorney in the Eastern District who has anywhere near the specialized experience in the area of disability access litigation of Attorney Paul L. Rein. Nor would we generally undertake such a case based on an award of attorney's fees of $400 per hour since our time could more beneficially be used in other cases of lesser complexity with an expected financial contingent, fee award greater than requested herein. Clearly, it would be unlikely that qualified attorneys would aggressively represent plaintiffs unless they would expect an award, with a multiplier, of attorney's fees. In those cases where I charge $400 or more an hour, it is without a contingency that I might not be paid. Such a contingency clearly calls for a multiplier to ensure that competent attorneys will handle cases in this very specialized area of law which appears to depend upon private attorneys general to ensure the rights of the disabled.

I declare under penalty of perjury the above statements are true and correct to the best of my knowledge in the City of Sacramento, California, on December 10, 2004.

                                      JOHN M. POSWALL, Esq
                                      **POSWALL, WHITE & CUTLER**