1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10                                   ----oo0oo----

11   ANDI MILLARD,
                                          NO. CIV. S-03-1468 WBS GGH
12           Plaintiff,
                                          RELATED CASE NOS.
13        v.                              CIV. S-03-1481 WBS/GGH
                                          CIV. S-03-1482 WBS/GGH
14   LA BAER INN, et al.;                 CIV. S-03-1480 WBS/GGH
     CARRIAGE HOUSE INN, et al.;          CIV. S-03-1467 WBS/GGH
15   DRIFTWOOD LODGE, et al.;
     THUNDERBIRD MOTEL, et al.;           MEMORANDUM AND ORDER
16   TRAVEL INN, et al.,                  RE: MOTION FOR RECONSIDERATION
                                          OF ORDER RE: ATTORNEYS' FEES,
17                                        LITIGATION EXPENSES & COSTS

18           Defendants.

19                                   ----oo0oo----

20           Pursuant to Federal Rules of Civil Procedure 60(a) and

21   60(b), plaintiff moves for reconsideration of and relief from the

22   court's April 7, 2005 order regarding attorneys' fees, litigation

23   expenses and costs.

24   I.   Factual and Procedural Background

25           Plaintiff is a disabled person who uses a wheelchair.

26   On or about July 16, 2002, she took a road trip to South Lake

27   Tahoe only to discover that none of the defendant motels were

28   accessible to wheelchair users.  She obtained Paul Rein as

                                      1

counsel, and after some preliminary investigations of the exteriors of the motel sites, filed several complaints against defendants on July 11, 2003.  These complaints alleged violations of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., California Civil Code §§ 54.1 and 55, California Health and Safety Code § 19953, and California Code of Civil Procedure § 1021.5.

Eventually, after some failed attempts at settlement, the parties agreed to the terms of five separate consent decrees. They did not, however, agree on attorneys' fees, expenses, or costs.  Plaintiff made an offer to defendant which was refused, and subsequently plaintiff filed a motion requesting an award of attorneys' fees, litigation expenses and costs totaling $205,120.

This court awarded a reduced amount of fees, expenses, and costs after (1) lowering the hourly rate for Paul Rein and Patricia Barbosa from $395 per hour and $375 per hour to $250 per hour each, on the ground that the requested rates were consistent with the prevailing rates for the San Francisco area, but the prevailing market rate for the most experienced attorneys in the Sacramento area is $250 per hour; (2) reducing plaintiff's expert Barry Atwood's fees by $3,410 on the ground that plaintiff had double billed these fees; and (3) removing two hours from the total award of attorney Julie McLean on an unstated ground. Several other reductions relating to unreasonable amounts of time were made that are not at issue in this motion.  After the reductions, the court awarded plaintiff a total of $113,591 in attorneys' fees, expenses, and costs, the payment of which was to be borne equally by the five defendants.

2

1    Plaintiff filed this motion for reconsideration on

2  April 21, 2005 in Case No. 03-1467, but failed to file a notice

3  of motion or set a date for hearing in any of the five related

4  cases until June 10, 2005.  Plaintiff now moves the court to

5  determine that it erred (1) in calculating plaintiff's attorneys'

6  fees award by reducing Mr. Rein's and Ms. Barbosa's billing rates

7  to $250 per hour, (2) in reducing Mr. Atwoods' expert witness

8  fees by 50%, and (3) in deducting two extra hours from Ms.

9  McLean's time.

10 II.  <u>Discussion</u>

11      A.   <u>Rule 60(b) Motion</u>

12    Plaintiff makes two requests properly considered under

13 Federal Rule of Civil Procedure 60(b) and Local Rule 78-230(k):

14 (1) the request to reconsider the reduction of Mr. Rein's and Ms.

15 Barbosa's billing rates; and (2) the request to reconsider the

16 50% reduction of Mr. Atwood's expert witness fees.

17    A "motion for reconsideration" may properly be brought

18 under Rule 60(b) and Local Rule 78-230(k).  <u>Hinton v. NMI Pac.</u>

19 <u>Enters.</u>, 5 F.3d 391, 395 (9th Cir. 1993); <u>Backlund v. Barnhart</u>,

20 778 F.2d 1386, 1388 (9th Cir. 1985); Local Rule 78-230(k).[1]

21 "Rule 60(b)(1) . . . grants district courts discretion to relieve

22 a party from a judgment or order for reason of 'mistake,

23 _____

24    [1]   Defendants cite nonbinding authority to make the
   hypertechnical observation that the Federal Rules of Civil

25 Procedure do not specifically recognize such a motion.  (<u>See</u>
   Defs.' Opp'n to Pl.'s Mot. For Reconsideration at 2)(citing

26 <u>Hatfield v. Bd. of County Comrs. For Converse County</u>, 52 F.3d
   858, 861 (10th Cir. 1995)).  However, the Ninth Circuit clearly

27 recognizes that motions so denominated may be brought under
   either Rule 59(e) or Rule 60(b).  <u>See</u>, <u>e.g.</u>, <u>Am. Ironworks &</u>

28 <u>Erectors, Inc. v. N. Am. Constr. Corp.</u>, 248 F.3d 892, 898-99 (9th
   Cir. 2001).

1  inadvertence, <u>surprise</u>, or excusable neglect,' provided that the

2  party moves for such relief not more than a year after the

3  judgment was offered," <u>TCI Group Life Ins. Plan v. Knoebber</u>, 24

4  F.3d 691, 695 (9th Cir. 2001)(emphasis added), and so long as

5  "the motion [is] made within a reasonable time." <u>See</u> Fed. R.

6  Civ. P. 60(b)(stating that "[t]he motion shall be made within a

7  reasonable time, and for reasons (1), (2), and (3) not more than

8  one year after the judgment, order, or proceeding was entered or

9  taken."). Rule 60(b)(6) further authorizes the court to award

10 relief "for any other reason justifying relief from the operation

11 of [a] judgment" not listed elsewhere in the rule, so long as

12 such a motion is brought within a reasonable time.

13       Rule 60(b) is meant to serve "the overriding judicial

14 goal of deciding cases correctly, on the balance of their factual

15 and legal merits, [while balancing] the interest of [] litigants

16 and the courts in the finality of judgments." <u>Knoebber</u>, 24 F.3d

17 at 695(citing <u>Pena v. Seguros La Comerical</u>, 770 F.2d 811, 814

18 (9th Cir. 1985)). "Although the application of Rule 60(b) is

19 committed to the discretion of the district courts, . . . [the

20 Ninth Circuit] has admonished that, as a general matter, Rule

21 60(b) is 'remedial in nature and . . . must be liberally

22 applied.'" <u>Id.</u>, at 695-96(citing <u>Falk v. Allen</u>, 739 F.2d 461,

23 463 (9th Cir. 1984)(per curiam)). However, "this does not mean,

24 of course, that the moving party is absolved from the burden of

25 demonstrating that, in a particular case, the interest in

26 deciding the case on the merits should prevail over the very

27 important interest in the finality of judgments." <u>Id.</u> at 696.

28       i.   <u>Timeliness</u>

4

1     Defendants challenge plaintiff's motion for

2   reconsideration as untimely, arguing that, because the motion

3   constitutes a direct attack on the underlying order, plaintiff

4   was required to bring the motion under Rule 59(e) instead of Rule

5   60(b), and that the time for bringing a Rule 59(e) motion had

6   already passed when plaintiff filed this motion.  The Rule 59(e)

7   argument is easily dismissed, though the issue of timeliness is

8   more complicated.

9     First, Rule 60(b) clearly authorizes a litigant to make

10  a direct attack on a judgment or order before the court which

11  rendered it.  See Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir.

12  1985)(noting res judicata did not preclude litigant from making

13  direct attack under Rule 60(b)); see also Crawford v. Honig, 1992

14  U.S. Dist. LEXIS 13677 *24(". . . motions seeking to vacate or

15  modify a judgment under Rule 60 are more commonly brought as a

16  direct attack on the judgment in the original action. . . .");

17  Bestway Prods., Inc. v. Best Trading Co., 151 B.R. 530, 541 (E.D.

18  Cal. Bankr. 1993)("A Rule 60(b)(4) motion can either be made by

19  way of direct attack in the original case in which the order in

20  question was entered. . . .").  The cases defendants cite to the

21  contrary hold no differently.  See United States v. 47 West 644

22  Route 38, Maple Park, Ill., 190 F.3d 781, 783 n.1 (7th Cir.

23  1999)(noting that motion to reconsider substance of summary

24  judgment would have been construed under Rule 60(b) if it had

25  been filed later); United States v. Real Property & Residence

26  Located at Route 1, Box 111 Firetower Road, Seemmes, Mobile

27  County, Ala, 920 F.2d 788, 791-92 (11th Cir. 1991)(finding that

28  district court properly construed direct attack on merits of

5

order forbidding taxation of costs as Rule 60(b) motion). Thus, the fact that plaintiff's motion directly attacks an underlying order does not put the motion outside the realm of Rule 60(b).

Second, even if the court determined that plaintiff's "motion for reconsideration" was filed after the deadline for bringing such a motion under Rule 59(e) had expired, the court would not be required to deny the motion as untimely. Rather, the court would be compelled to treat the motion as a Rule 60(b) motion for relief from a judgment or order. See Am. Ironworks & Erectors, 248 F.3d at 898-99("'[A] motion for reconsideration' is treated as a motion to alter or amend a judgment under Federal Rule of Civil Procedure [] 59(e) if it is filed within ten days of entry of judgment. Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.")(internal citation omitted).

Defendant filed this motion in Case No. 03-1467 on April 21, 2005, just 10 court days after the court's April 7, 2005 order, as calculated pursuant to Federal Rule of Civil Procedure 6(a).[2]  However, plaintiff neglected to file the motion in any of the other four related cases, to set the motion for hearing, or to file a notice of motion in any of the cases until June 10, 2005, over two months after the challenged order issued, and well after the Rule 59(e) deadline had passed.  Defendants therefore contend that the instant motion was not actually filed until June 10, 2005.  With respect to at least four of the five

_____

[2]      Rule 6(a) mandates that the court exclude intermediate Saturdays, Sundays, and legal holidays when computing a period of time less than 11 days.  Rule 59(e) sets a 10-day filing deadline starting from the entry of judgment.

6

1  cases, defendants are correct.  Therefore, the court construes

2  the motion as a Rule 60(b) motion.  For simplicity's sake, the

3  court also construes the earliest "filed" motion as made pursuant

4  to Rule 60(b), so as to resolve all the cases togheter.  See

5  Fed. R. Civ. P. 1(requiring that federal rules of civil procedure

6  be "construed and administered to secure the just, speedy, and

7  inexpensive determination of every action.").

8      Because the court construes plaintiff's motion as

9  brought pursuant to Rule 60(b), defendants' timeliness objection

10  must be addressed according to Rule 60(b) standards.  A motion is

11  timely filed under Rule 60(b) if it is filed within one year

12  after the challenged judgment was offered and within a reasonable

13  time.  Knoebber, 24 F.3d at 695; Fed. R. Civ. P. 60(b).  "What

14  constitutes [a] 'reasonable time' depends upon the facts of each

15  case, taking into consideration the interest in finality, the

16  reason for delay, the practical ability of the litigant to learn

17  earlier of the grounds relied upon, and prejudice to other

18  parties."  Asford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.

19  1981).  There is no dispute that plaintiff's motion was filed

20  within the one-year time limit imposed by Rule 60(b).  The only

21  question remaining, therefore, is whether the motion was filed

22  within "a reasonable time."

23      Given the particular circumstances in this case, the

24  court finds the answer to be in the affirmative.  Even assuming

25  that the motion was not filed in any of the five cases until June

26  10, 2005, just over two months is not an unreasonable time for

27  plaintiff to have delayed filing the motion.  Rule 60(b) itself

28  enshrines a one-year time bar for such motions. Were such motions

to be generally brought earlier, one would think the rule would reflect as much.

Further, the Ashford factors do not dictate a contrary result. The time for appealing the court's April 7, 2005 order has passed. See Fed. R. App. P. 4(a)(notice of appeal must generally be filed within 30 days of judgment). Therefore, the interest in finality must be given considerable weight. Ashford, 657 F.2d at 1055. However, there is no significant prejudice to defendants here. The only prejudice defendants claim is that consideration of the motion will be costly and subject them to appeal of the underlying order after the time for appeal has passed. The cost of responding to the motion is no greater than if the motion had been filed earlier. Moreover, the cost should be relatively minimal, especially considering that defendants have waived oral argument. (See Defs.' Opp'n to Pl.'s Mot For Reconsideration at 2). Further defendants' fear of appeal is unfounded. "[A]n appeal from a denial of a rule 60(b) motion brings up only the denial of the motion for review, not the merits of the underlying judgment." Negrete v. Bleau, 183 B.R. 195, 197 (9th Cir. Bankr. 1995)(citing In re Martinelli, 96 Bankr. 1011, 1013 (9th Cir. 1988)). Therefore, defendants will not be prejudiced by a surprise appeal of the judgment underlying the motion.

Plaintiff could have filed the instant motion earlier, as evidenced by the fact that the memorandum of points and authorities she submitted in support of the motion filed on June 10, 2005 is, with the exception of their hearing dates and times, identical to that filed in support of the motion filed on April

8

21, 2005 in Case No. 03-1467.  (Compare April 21, 2005 Mem. of P. & A. with June 10, 2005 Mem. of P. & A.).  In fact, plaintiff did not even change the date on the signature page of her June 10, 2005 points and authorities, which still reads April 21, 2005.  (See Pl.'s Mem. in Supp. of Mot. For Reconsideration at 18).  Nevertheless, plaintiff explains in her reply that she delayed filing the motion until June 10, 2005 because she mistakenly believed that she only needed to file a motion in the lead case and that the court would set a hearing date for her.  When she realized that it fell to her to set the hearing date and to file the motion in all the related cases, she "re-filed" the same motion on June 10, 2005.  (See Pl.'s Reply Mem. of P. & A. in Supp. of Pl.'s Mot. For Reconsideration at 4).  Plaintiff should have been more familiar with the filing procedures or called the court for clarification.  However, absent significant prejudice to defendants, plaintiff's explanation is sufficient to warrant her two-month delay.  Therefore, the motion is timely.

     ii.  Merits

        a.  Propriety of the Motion

Defendants contend that plaintiff's motion is improper because the arguments plaintiff makes in this motion are no different from those plaintiff made in arguing the underlying fee motion and because a Rule 60(b) motion should not be used as a substitute for a timely appeal.  This reasoning is flawed.

First, plaintiff is not simply repeating the same arguments made in the underlying fees motion.  Rather, plaintiff contends (1) that the court unfairly "surprised" her by ignoring the evidence she submitted to justify her counsels' rates and by

"apparently taking judicial notice of an Eastern District prevailing fee rate without [giving] notice to the parties" (Pl.'s Mem. in Supp. of Mot. For Reconsideration at 3); and (2) that the court mistakenly concluded that plaintiff had double billed Mr. Atwood's expert witness fees because plaintiff inadvertently submitted the bills in duplicate.  The court need not reach the merits of these arguments to determine preliminarily that they are not repetitive.  Rather, these arguments center on the court's decision to reduce Mr. Rein's and Ms. Barbosa's fee rates for reasons not raised during briefing or at oral argument and on the court's decision to reduce Mr. Atwood's expert witness fees for an erroneous reason that plaintiff did not anticipate the court to consider.  Thus, these issues are properly raised in this motion.

Second, plaintiff's Rule 60(b) motion is not a backdoor substitute for an appeal.  The cases defendants cite in this regard are inapposite.  Bell v. Eastman Kodak Company dealt with a plaintiff who "tried to use Rule 60(b) to appeal a final judgment entered by one magistrate judge to another magistrate judge, rather than to the court of appeals."  214 F.3d 798, 800 (7th Cir. 2000).  Snell v. Cleveland, Inc. involved a district court judge who sua sponte vacated another court's judgment in a closed action for lack of jurisdiction.  316 F.3d 822, 824-26 (9th Cir. 2002).  No such situation is presented here.  Nor is this a case where plaintiff is simply trying to revisit the same issues already ruled on in an underlying order.  See Negrete v. Bleau, 183 B.R. 195, 197 (9th Cir. Bankr. 1995)(equating motions for reconsideration which revisit same issues with improper

1   substitute for appeal).  Therefore, plaintiff's motion will not

2   be denied on the ground that it is an improper appeal.

3                b.   <u>The Court Did Not Err in Concluding that $250</u>

4                     <u>Per Hour is a Reasonable Rate for Mr. Rein's</u>

5                     <u>and Ms. Barbosa's Legal Services</u>

6             Plaintiff makes several arguments challenging the

7   hourly rate at which the court allowed plaintiff to recover for

8   Mr. Rein's and Ms. Barbosa's legal services.  None of them are

9   unpersuasive.

10            First, plaintiff argues that the court was bound to

11  accept her assertion that the "reasonable rates" for Mr. Rein's

12  and Ms. Barbosa's services were respectively $395 and $375 per

13  hour because similar rates had been awarded in another district,

14  the rates were supported by the declaration of a Sacramento

15  attorney, and because defendants failed to challenge the rates.

16  The cases cited by plaintiff do not support this position.  In

17  fact, the cases demonstrate that the dispositive factor in

18  setting a reasonable rate to calculate an attorneys' fees award

19  is the prevailing market rate in the relevant legal community,

20  not simply what the fee applicant thinks the rate should be.

21  <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir.

22  1992)("Reasonable fees . . . are calculated according to the

23  <u>prevailing market rates in the relevant legal</u>

24  <u>community</u>.")(emphasis added); <u>accord</u> <u>Davis v. City & County of</u>

25  <u>San Francisco</u>, 976 F.2d 1536, 1546 (9th Cir. 1992).  Even the

26  cases plaintiff cites stating that plaintiff's uncontroverted

27  evidence must be presumed to be reasonable involve situations

28  where plaintiff produced credible evidence of the prevailing

11

market rate.  <u>Gates</u>, 987 F.2d at 1405("plaintiffs adequately documented that their expertise in complex prison litigation required application of San Francisco rates [in Sacramento]"); <u>Davis</u>, 976 F.2d at 1547("appellees produced <u>numerous affidavits</u> declaring that the fees sought by appellee's counsel . . . were well within the bounds of the "prevailing market rates")(emphasis added); <u>Covington v. Dist. of Columbia</u>, 57 F.3d 1101, 1105 (D.C. Cir. 1995)("[P]laintiffs submitted a <u>good deal of evidence</u> establishing the prevailing market rates. . . .")(emphasis added); <u>United States Steelworkers v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990)(fee applicant supplied affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community).

In this case, plaintiff presents two types of evidence, neither of which credibly demonstrates the prevailing market rates in the relevant legal community.  First, plaintiff submitted several prior fee awards from the Northern District of California.  However, "the relevant legal community for determining attorneys' fees awards . . . is the forum in which the district court sits," and "[a]n attorney's prior fee award is not sufficient to support a requested rate for an award . . . without other evidence showing that the requested rates are prevailing in the community."  <u>Barjon v. Dalton</u>, 132 F.3d 496, 500-02 (9th Cir. 1997)(emphasis added); <u>see also</u> <u>Maldonado v. Lehman</u>, 811 F.2d 1341, 1342 (9th Cir. 1987)(affirming district court that refused to calculate attorneys' fees using customary billing rate, instead looking to prevailing market rate in city where district court sat).

12

Second, plaintiff submitted the declaration of John M. Poswall, an attorney who represents plaintiffs in personal injury cases in the Sacramento area.  Mr. Poswall is well known to this court.  He does not profess to practice disability rights litigation; nor does his declaration establish the prevailing market rate in this community.  Mr. Poswall admits his practice is "almost exclusively [a] contingent fee practice," and "is rarely dependent upon an award of attorneys' fees by a court." (Poswall Decl. ¶ 6).  He further states that he has only ". . . charged an hourly fee for his services . . . from time to time," ranging from $400 to $425 per hour.  (Id.).  He then states that "an award of $400 per hour for a person of Mr. Rein's experience and specialization is reasonable in this community," and that he would request that amount himself. (Id.)(emphasis added).

The court does not question that Mr. Poswall has been able to charge and collect hourly fees of $400 to $425 on some limited occasions.  He is a highly skilled and experienced personal injury attorney.  Almost astronomical sums of money can sometimes ride on the skills of the particular lawyer handling a large personal injury case.  Disability rights cases are not quite the same, however.  Notably, he does not speak to the value of Ms. Barbosa's services.  But even with regard to Mr. Rein's services, the declaration of an attorney who has only "from time to time charged an hourly fee" for representing plaintiffs in personal injury cases does not constitute sufficient evidence of the prevailing market rate for attorneys representing plaintiffs in disability rights cases in this district, especially where the court is aware that the prevailing market rate is significantly

13

1   lower.

2   Plaintiff questions the court's taking judicial notice

3   of the hourly rates in this district.  (See Pl.'s Mot. For

4   Reconsideration at 10-11).  However, courts have broad discretion

5   in awarding attorneys' fees, Gates, 987 F.2d at 1405, and can

6   take judicial notice of the prevailing rate of fees in the

7   relevant legal community where the evidence of the prevailing

8   market rate submitted to the court is inadequate.  Wirtz v. Kan.

9   Farm Bureau Servs., Inc., 355 F. Supp. 2d 1190, 1200 (D. Kan.

10  2005); Bishop Museum v. Lopez, 1996 U.S. Dist. LEXIS 2962 *7 (D.

11  Haw. Feb. 28, 1996).  Here, the evidence presented by plaintiff

12  was inadequate.  Fee awards in the Northern district, which are

13  unsurprisingly higher, have no bearing on the prevailing market

14  rate in this district.  Nor does a lone declaration from an

15  attorney who generally charges a contingency fee persuade this

16  court that roughly $400 per hour is the prevailing rate for legal

17  services in this area.

18  Plaintiff would, in effect, have the court accept the

19  proposition that if a fee applicant can find a single attorney

20  practicing in this district who will state in a declaration that

21  he charges a certain amount per hour and that it would be

22  reasonable for the applicant's counsel to charge the same, then

23  the court would be bound to accept that amount as the prevailing

24  market rate in this district unless the opposing party produced

25  controverting evidence.  Whether the number be $400 or $1,000 per

26  hour would be irrelevant.  This result is untenable.  The court

27  is familiar with the prevailing market rate in this district and

28  "has a great deal of discretion in determining the reasonableness

14

1  of attorneys' fees." <u>Gates</u>, 987 F.2d at 1398.  It need not

2  surrender that discretion to a fee applicant who produces

3  unpersuasive evidence regarding the prevailing market rate for

4  legal services, regardless of whether opposing counsel challenges

5  the rates claimed.

6       Next plaintiff argues that the court neglected to make

7  individualized determinations of what constituted a reasonable

8  fee for Mr. Rein's and Ms. Barbosa's legal services by failing to

9  take into account counsel's experience.  This is simply untrue.

10  In its April 7, 2005 order, the court did not ignore counsel's

11  experience in handling these cases.  Instead, the court noted

12  that it had "consistently limited compensation rates to $250 per

13  hour <u>for even the most experienced attorneys</u>. . . . because these

14  rates generally prevail in the Sacramento area, where this court

15  sits." (April 7, 2005 Order at 18).  The court further stated

16  that the case underlying the fee award was "of no different type

17  or complexity from those which this court has routinely refused

18  to award more than $250 per hour," and that "[o]ther cases of

19  this nature are regularly handled by this court and do not

20  require the assistance of lawyers from outside the area."  (<u>Id.</u>).

21       This procedure was not irregular.  The court considered

22  awards given to attorneys with <u>comparable</u> experience - it was not

23  required to search out awards given to attorneys with <u>identical</u>

24  experience.  <u>See</u> <u>Davis</u>, 976 F.2d at 1545(attorneys' fees rates to

25  be established by reference to fees that private attorneys of

26  comparable ability and reputation charge).  Allowing plaintiff to

27  collect $250 per hour for Mr. Rein's and Ms. Barbosa's services

28  in no way impugns their reputations or skills.  Plaintiff seems

to believe that simply because Mr. Rein has had 35 years of
experience, any awards given to attorneys of lesser experience
are completely irrelevant.  This is not the case.  The court has
the experience and discretion sufficient to make a fair
comparison and did so.

Plaintiff contends that it was somehow inconsistent for
the court to reduce some of the hours expended by Mr. Rein on the
grounds that Mr. Rein's experience was such that he could handle
a settlement conference on his own while, at the same time,
limiting Mr. Rein's fee rate to $250. (See Pl.'s Mot. For
Reconsideration at 8-9).  However, the court has already noted
that this rate is awarded to "even the most experienced
attorneys" in this district.  (See April 7, 2005 Order at 18).
Therefore, there is no inconsistency.

Plaintiff further argues that the $250 per hour rate
routinely awarded in this district is "outdated," having remained
unchanged for seven years.  (See Pl.'s Reply Mem. in Supp. of
Mot. For Reconsideration at 2, 6)(citing Loskot v. Pine St. Sch.,
CIV. S-00-2405 DFL JFM *5 n.3 (E.D. Cal. Nov. 7, 2002)(noting
plaintiffs's argument that courts in this district had been
awarding $250 per hour since 1998 and finding the amount to still
be a reasonable fee).  The prevailing market rate for legal
services in this district arises from a combination of economic
factors beyond this court's control.  Property values, wages, the
cost of living, and attorney overhead are generally lower in this
district than in the Northern District of California.  Therefore,
it is not surprising that attorneys here generally charge their
clients less than do their counterparts do in the San Francisco

1  Bay Area.  It is not the court's responsibility to <u>set</u> the

2  prevailing market rate; the court is only obligated to award fees

3  <u>based on</u> the prevailing market rate.  <u>See</u> <u>Gates</u>, 987 F.2d at

4  1405.

5       Finally, plaintiff suggests that if the court continues

6  to limit attorneys' fees to $250 per hour, attorneys will cease

7  to bring disability rights cases in Sacramento.  So far, however,

8  the fact that most experienced attorneys in these sorts of

9  matters charge $250 per hour has certainly not caused a dearth in

10 representation of the disabled, nor a mass exodus of attorneys

11 refusing to take cases in this district.  The court is

12 unpersuaded that attorneys need to receive a $400 hourly rate to

13 convince them to bring disability rights cases in this district.

14            c.   <u>Mr. Atwood's Expert Witness Fees</u>

15       Plaintiff correctly notes an error in the court's

16 decision regarding Mr. Atwood's expert witness fees.  Mr.

17 Atwood's fees appeared to have been double billed, since two

18 bills were inadvertently included in the exhibits of bills. (<u>See</u>

19 Paul Rein Decl. in Supp. of Pl.'s Mot. For Attorneys' Fees,

20 Expenses, & Costs ("Paul Rein Decl.") Ex. 8 (Billing Records));

21 (Steve Rein Decl. in Supp. of Pl.'s Mot. For Reconsideration

22 ("Steve Rein Decl.") ¶ 3)(acknowledging inadvertently submitted

23 double copies).  Defendants noted the apparent double billing in

24 their opposition to plaintiff's attorneys' fees motion, without

25 any response from plaintiff.  (<u>See</u> Defs.' Opp'n to Pl.'s Mot. For

26 Award of Attorneys' Fees at 32).  However, on further review, the

27 court determines that total billings were only listed once in the

28 expense and cost itemization.  (<u>See</u> Paul Rein Decl. ¶¶ 21, 61).

This resulted in the court unnecessarily deducting $3,410 in expert fees from plaintiff's award.  These fees will therefore be awarded to plaintiff.

### d.   Fees Incurred at Oral Argument

Plaintiff also requests that she be awarded an additional amount of attorneys' fees for the time her counsel expended at oral argument on the underlying motion.  However, plaintiff never raised this issue at oral argument or while the underlying motion for attorneys' fees was pending.  Nor was it the court's burden to raise the issue sua sponte.  The time for this request has thus passed.  See Novato Fire Protections Dist. v. United States, 181 F.3d 1135, 1142 n.6 (9th Cir. 1999)("A district court has discretion to refuse to hear arguments that are raised for the first time in a motion for reconsideration.").  Therefore, the request is denied.[3]

### B.   Rule 60(a) Motion

Federal Rule of Civil Procedure 60(a) authorizes the court to correct "[c]lerical mistakes in judgments [or] orders .

_____

[3]   Not content to be left out of plaintiff's orgy of argumentation regarding this matter, defendants request that the court reopen the entire issue of attorneys' fees and then apply a negative lodestar of the sort that was applied in a recent case in another district.  See Doran v. Corte Madera Inn, 360 F. Supp. 2d 1057 (N.D. Cal. 2005).  They further request that they be allowed to pay any award plaintiff receives on an installment plan.  However, the arguments defendants make for reducing plaintiff's award and plaintiff's request to pay on installment, were already made and rejected when defendants argued the underlying attorneys' fees motion.  Defendants' attempt to relitigate these issues is thus inappropriate.  See, e.g., Shamrock Farms Co. v. Shamrock Foods Co., 1997 U.S. Dist. LEXIS 3029 *2 (E.D. Cal. Feb. 25, 1997)("motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented")(citation omitted).  Therefore, these requests are denied.

. . . and errors therein arising from oversight or omission. . . at any time of its own initiative or on the motion of any party. . . ." Fed. R. Civ. P. 60(a). The rule grants a district court "very wide latitude" to correct a judgment to make it reflect the court's "actual intentions." <u>Blanton v. Anzalone</u>, 813 F.2d 1574, 1577 (9th Cir. 1987).

Plaintiff argues that the court erroneously deducted two (2) hours of Ms. McLean's time by mathematical error. Defendants suggest that this unexplained deduction was made pursuant to the court's discretion. (<u>See</u> Defs.' Opp'n to Pl.'s Mot. For Redconsideration at 5). After reviewing the April 7, 2005 order, the court acknowledges that there is no basis for the deduction in the April 7, 2005 order. The deduction was in fact a typographical or mathematical error. Therefore, the court will award plaintiff an additional $450 worth of Ms. McLean's attorneys' fees that were erroneously deducted in the prior order. <u>See</u> Fed. R. Civ. P. 60(a).

III. <u>Conclusion</u>

As per the court's April 7, 2005 order, only 1/5 of plaintiff's award will be attributed to each defendant to ensure that each defendant pays only its proportionate burden of plaintiff's attorneys' fees, expenses, and costs. (<u>See</u> April 7, 2005 Order at 21). In accordance with the changes made to the court's April 7, 2005 pursuant to this order, attorneys' fees, litigation expenses, and costs are awarded in the following amounts:

Mr. Rein:     ((274.3 hours -36 -13.3 - 2 -10.8)

= 212.2 hours

1                                212.2 hours x $250 = **$ 53,050**

2  Ms. Barbosa:  (( 96.7 hours -5 -.9 -7 -18.3)

3                                 = 65.5 hours

4                                65.5 hours  x $250 = **$ 16,375**

5  Ms. McLean:   ((149 hours -20 -5.2 -14.1)

6                                 = 109.7 hours

7                                109.7 hours x $225 = **$ 24,682.50**

8  Mr. Holmes:   (  41.1 hours - 6.2)

9                                 = 34.9 hours

10                               34.9 hours  x $ 75 = **$  2,617.50**

11  Expenses/
    Costs:        ($22,161 - $1,435)            = **$ 20,726**
12

13                             **TOTAL:        = $117,451**

14  **Each Defendant Pays:**          **1/5 x $117,451  = $ 23,490.20**

15         IT IS THEREFORE ORDERED that:

16         (1) plaintiff's motion for reconsideration of the

17  court's April 7, 2005 order regarding attorneys' fees, litigation

18  expenses, and costs be, and the same hereby is, GRANTED IN PART

19  AND DENIED IN PART;

20         (2) the reasonable rate for Mr. Rein's and Ms.

21  Barbosa's attorneys' fees shall remain at $250 per hour;

22         (3) plaintiff be, and the same hereby is, awarded

23  **$3,410** dollars for Barry Atwood's expert witness fees and another

24  **$450** dollars for two hours of Ms. McLean's time that were

25  deducted by typographical error, bringing the total award of

26  attorneys' fees, litigation expenses, and costs in this

27  litigation to **$117,451,** of which each defendant shall pay

28  **$23,490.20,** 1/5 of the total award; and

                                   20

1        (4) plaintiffs' request to recover fees incurred at

2   oral argument be, and the same hereby is, DENIED.

3   DATED: August 16, 2005

4

5   _____
    WILLIAM B. SHUBB

6   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21